# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEVIN FLOWERS,**

   Petitioner,

  v.                                                                                                         Case No. 18-CV-356

**RANDALL HEPP**

   Respondent.

## RULE 4 ORDER

Kevin Flowers, who is currently incarcerated at Fox Lake Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Flowers has paid the statutory filing fee and consented to magistrate jurisdiction. Therefore, I will now screen his complaint in accordance with Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During the initial review of habeas petitions, the court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Flowers raises several issues in his petition. First, Flowers argues that the court of appeals considered a theory of the case that was never articulated to the jury. Second,

Flowers argues that the court of appeals erroneously included irrelevant evidence. Grounds three through ten assert various forms of ineffective assistance of post-conviction counsel.

Upon review of the petition, the Court is satisfied that the ground stated by the petitioner in the petition translates, at least colorably, into a violation of rights under the United States Constitution. Ineffective assistance of counsel is a clear constitutional ground for habeas relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Flowers' claims of the use of improper evidence are also cognizable on habeas relief. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

Flowers' petition does not state whether or not he completely exhausted his state court remedies under 28 U.S.C. § 2254(b)(1)(A). Under Rule 4, in order to dismiss the petition upon review it is required that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." However, it does not "plainly appear" within Flowers' petition that he did not fully exhaust his claims in state court, and thus dismissal under Rule 4 is not appropriate. Further, even if Flowers did plainly state in his petition that his claims were not fully exhausted in state courts, there are exceptions which, if applicable, would permit him to proceed.

I conclude that summary dismissal under Rule 4 is not appropriate because it does not plainly appear from the "face of the petition" that the petitioner is not entitled to relief. Consequently, the respondent will be called upon to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS ORDERED** that a copy of Flowers' petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY** (60) days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claims:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have forty-five (45) days following the filing of the petitioner's initial brief within which to file a brief in opposition; and

3. The petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have thirty (30) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must

not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 26th day of March, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge